■
**BANK OF DREXEL, Respondent,**

v.

**KYSER, INC., Appellant.**

**No. WD 35624.**

Missouri Court of Appeals,
Western District.

Dec. 18, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
Jan. 29, 1985.

231

Harold A. Kyser, Butler, for appellant.

James E. Thompson, Harrisonville, for respondent.

Before TURNAGE, C.J., MANFORD, J., and MESSINA, Special J.

MANFORD, Judge.

This is an appeal by a grain warehouseman from a judgment settling a dispute as to the superiority of lien claims upon monies derived from the sale of corn. The jury awarded respondent bank the sum of $11,962.83. The judgment is affirmed.

While formally three points are presented, they can be reduced upon the consolidation of the first two, since they allege a common error. In summary, appellant charges that the trial court erred (1) in directing a verdict for respondent bank except as to damages because the bank failed to prove it held a perfected security interest in that (a) there was no proof of the filing of a financial statement, and (b) it was error to have admitted an order of the federal bankruptcy court concluding that the bank had a perfected security interest because appellant was not a party to the bankruptcy proceedings, and (2) in directing a verdict against appellant's counterclaim because appellant submitted sufficient evidence to establish a claim based upon the doctrine of prima facie tort.

The facts in this case are not only relatively simple, but for the most part they are not disputed by the parties.

In summary, the record reveals the following. Both parties are Missouri corporations in good standing. Appellant is the operator of a grain elevator and respondent is the Bank of Drexel. Dennis Lacy, a local farmer, became indebted to both appellant and respondent. Lacy and his wife had executed two promissory notes to the favor of respondent in the sums of $291,-000.00 and $294,500.00 respectively. Because of varied purchases over a period of time, Lacy owed appellant the sum of $4,100.00. In February, 1982, (the date is not established from the evidence), appel-

lant contacted Lacy about the $4,100.00 debt. Lacy agreed to sell and deliver corn to appellant. Lacy testified that he told appellant that respondent claimed a security interest in the corn. Appellant acknowledged Lacy's statement, but testified that Lacy also told it (appellant) that respondent's lien had not been perfected and that he (Lacy) could sell the corn. Appellant's representatives then went further and testified, "Dennis [Lacy] advised me, when he—before he unloaded the first load of corn, when we had our discussion, that this corn that the bank claimed a lien on, uh, or security interest in I guess is the word they used, that his lawyers—bankruptcy attorneys—that he was considering bankruptcy —"

Lacy agreed to and did deliver over 5,000 bushels of corn to appellant. Since there was a question of a lien by respondent bank, appellant refused to make payment exclusively to Lacy and Lacy agreed to await receipt of any payment until the question was answered.

For a short while (neither this time nor the date involved are disclosed upon the record), there were conversations between appellant and a representative of the bank. These conversations led to a proposed settlement between appellant and respondent whereby appellant would retain the $4,100.00 due it and the remainder of the $11,962.83 would be paid to respondent. The next day, the bank reneged on the deal.

This action followed. Lacy filed a bankruptcy action and was discharged. Respondent bank sought and received an order lifting the automatic stay of proceedings from the bankruptcy court. During trial and over appellant's objection, the trial court admitted an order of the federal bankruptcy court which, by its content, declared a valid security interest and lien upon crops then in appellant's possession to the favor of respondent bank. At the close of respondent's case in chief, the trial court directed a verdict for respondent bank except as to damages. By way of a counter-claim, appellant sought damages against respondent bank alleging that under the prima facie tort doctrine, respondent bank had intentionally sought to hurt or destroy appellant's business. Appellant, in the main, asserted that the present action provided proof of the prima facie tort. At the close of all the evidence, the trial court directed a verdict in favor of respondent bank upon appellant's counterclaim. The jury returned a verdict in favor of the bank in the sum of $11,962.83.[1] This appeal followed.

Turning to appellant's point (1), sub (a) and (b), it can be first said that appellant's assertion therein is absolutely correct. However, for reasons disclosed infra, the error by the trial court does not demand reversal.

■ In the first instance, it is noted that neither party on this appeal bothered to file with this court any trial exhibits. This court, on its own, had to direct their being filed. Without such documentation, this appeal could not have been determined. After the receipt of the applicable documents and the review of same, it is obvious that the respondent bank *did not* have a perfected security interest. The documents introduced at trial and now before this court failed to reveal the filing of record of any financing statement as required by the Uniform Commercial Code. Thus, appellant's contention under point (1)(a) is correct.

■ Turning to point (1)(b), the trial court erred in admitting the "Order to Lift Automatic Stay" previously issued by the federal bankruptcy court. In the first instance, there is no evidence that appellant was a party to the federal bankruptcy proceeding. Respondent asserts that by reason of appellant's answer raising the question of who was entitled to the proceeds, the admission of the federal order was correct. There was no privity of parties which authorized the admission of the federal order and it was error to admit it.

---

1. This sum is the undisputed amount revised upon the resale of the Lacy corn.

Upon the admission of the order, appellant concludes that absent the admission of that order (since respondent bank failed to offer proof of a properly recorded financial statement), respondent's claim must fail. The conclusion asserted by appellant is not valid.

The evidence does reveal that respondent bank failed to prove it had a properly filed and recorded security interest. As noted also, the trial court erred in the admission of the federal court order. It is obvious from the record that the federal order was introduced solely to establish the claim of a security interest by the respondent bank. The record before this court fails to disclose how the federal bankruptcy court reached its conclusion directing that respondent bank had a "valid security interest". The documents before this court do not support the federal ruling. Perhaps that court had more evidence, but if it had nothing more than that presented to this court, there was no evidence to support the finding by the federal court. In addition, since appellant was not a party to the federal proceedings, the federal court did not have the benefit of the evidence considered infra which is determinative of the issue.

 Respondent's failure to prove a properly filed and recorded security interest made its claim subservient to the claim of appellant upon initial consideration. This is prescribed by § 400.9–301, Uniform Commercial Code (1978). If there were no additional facts, the lien of respondent bank would be inferior to that of appellant.

However, the evidence reveals that prior to the purchase of the corn from Lacy, appellant had notice of the lien claimed by respondent bank. The record is replete with such notice. Thus, if appellant had become a lien creditor "without knowledge of the security interest" claimed by respondent bank, appellant's claim would be superior to that of the bank. Section 400.9–301(1)(b). The key to the whole matter is whether from the evidence appellant became a lien holder "without knowledge." It is evident from this record that appellant did not become such a lien holder within

the meaning of § 400.9–301(1)(b). The evidence shows that appellant had "notice" and "knowledge" of the claimed lien by the bank within the definitions prescribed by § 400.1–201(25)(26), Uniform Commercial Code (1978).

Thus, while appellant's contentions under its point (1), sub (a) and (b) are correct, nonetheless appellant is not entitled to a reversal of this judgment because it was by appellant's own evidence, that proof of respondent's claim of a superior lien was established.

 Under appellant's point (2), it is charged that the trial court erred in directing a verdict for respondent upon appellant's counterclaim because allegedly, appellant pleaded and proved a claim for damages under the prima facie tort doctrine.

It is the contention of appellant that respondent's attempt to prevent Lacy from selling the corn to appellant, the agreement to settle the claims and the later refusal to settle, comments by bank representatives that the bank could do without an elevator, and the filing of this action support a claim under the doctrine of prima facie tort. Appellant alleges authority for its claim is prescribed by this court's ruling in *Porter v. Crawford*, 611 S.W.2d 265 (Mo.App. 1980). There is no evidence upon the record before this court that respondent bank, in pursuing its claimed lien interest, intended injury to appellant. Such intent to injure is a requisite element of a claim for damages under the prima facie tort doctrine. *Lundberg v. Prudential Ins. Co.*, 661 S.W.2d 667 (Mo.App.1983).

Appellant's point (2) is without merit and is ruled against appellant.

For and upon the foregoing reasons, the judgment herein is affirmed.

All concur.